UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
DEBORAH L. COLEMAN,                )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   C.A. No. 16-060 S
                                   )
COXCOMM, LLC,                      )
                                   )
          Defendant.               )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiff's Motion for Temporary Restraining Order ("TRO"). (ECF No. 6.) Defendant CoxComm, LLC ("Cox") filed an Objection. (ECF No. 7.) For the reasons that follow, Plaintiff's Motion for TRO is DENIED.

Plaintiff's Motion for TRO states that "Cox fails to provide [a] landline so that I may use Lifeline medically approved service. Please, I ask that my service (land and wifi) be restored at no cost to me and that service is provided, and they supply to me the device(s) necessary to have full access." (Pl.'s Mot. for TRO 1, ECF No. 6.) Plaintiff adds that "they [Cox] treat me poorly and I request service and device to mitigate the effects of my disability." (Id.)

In reviewing a motion for TRO, a court weighs the following four factors:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

Rudd v. Providence Police Dep't, No. CA 07-014S, 2007 WL 1219677, at *1 (D.R.I. Apr. 6, 2007)(quoting Wine & Spirits Retailers, Inc. v. Rhode Island, 418 F.3d 36, 46 (1st Cir. 2005)). "Of the four factors, the likelihood of success on the merits is the most important" because "'if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.'" Id. (quoting Wine & Spirits Retailers, 418 F.3d at 46).

Plaintiff cites the Telecommunications Act of 1996, 47 U.S.C. § 255 in support of her argument (Pl.'s Mot. for TRO 1, ECF No. 6); however, as Cox notes, "neither that section nor any other statute or regulation requires a telecommunications provider to give customers devices and free service." (Def.'s Obj. 3, ECF No. 7.) Moreover, 47 U.S.C. § 255 does not provide for a private right of action. See id. § 255(f) ("Nothing in this section shall be construed to authorize any private right of action to enforce any requirement of this section or any regulation thereunder. The Commission shall have exclusive jurisdiction with respect to any complaint under this section."). Because Plaintiff's claim is without a legal basis, her Motion for TRO must be denied.

2

For the foregoing reasons, Plaintiff's Motion for TRO is hereby DENIED.

IT IS SO ORDERED.

/s/ W. Smith
_____
William E. Smith
Chief Judge
Date: March 17, 2016